UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20312-CR-COOKE

UNITED STATES OF AMERICA

vs.

FRANK ROBERTO CHATBURN RIPALDA,

      Defendant.
_____/

**JOINT STATUS REPORT OF FILTER REVIEW OF CHATBURN MATERIALS**

The United States of America, by and through undersigned counsel, and Frank Roberto Chatburn Ripalda, through undersigned counsel, hereby file this Joint Status Report of Filter Review of Chatburn Materials. This Report does not contain privileged information and therefore is not being filed under seal.

1. During the investigation, the government obtained several categories of defendant's records, including (1) electronic records from a search of the defendant's personal email account, (2) electronic records from a physical search of the defendant's business, and (3) hard copy records from the same physical search.

2. The government had previously established a filter team, including the undersigned government counsel, to prevent the prosecution team from being exposed to privileged materials. The filter team worked with defendant's counsel concerning the release of records from the above categories to the prosecution team. On September 21, 2018, the filter team and defendant's counsel agreed to a Filter Release Agreement. The terms of the Filter Release Agreement state the government will not assert that any release pursuant to the agreement nor any subsequent review

by the prosecution team of released documents is a waiver of privilege.  Therefore, the defendant can still contest the admissibility of documents released pursuant to the agreement at trial on the basis of privilege.  Additionally, under the terms of the agreement, the defendant will not assert that any release pursuant to the agreement nor any subsequent review by the prosecution team "taints" members of the prosecution team who saw the material.  Therefore, the prosecution team is free to review and use the released materials without fear of recusal or suppression of evidence derived from the released records.  Under the agreement, the parties further agreed that if members of the prosecution team review a record they believe to have been inadvertently released, review of the material would cease, and the record would be referred to the filter team to address with defendant's counsel.

3. From September to December 2018, the government proposed and defendant's counsel agreed to the release of various tranches of documents pursuant to the Filter Release Agreement.

4. On December 19, 2018, defendant's counsel released under the terms of the Filter Release Agreement "all the records in [the government's] possession that [the government] received from Gmail or that [the government] obtained from the business server except the following: GOV-FCH-0000000200 until GOV-FCH-0000000217 and GOV-FCH-0000000609 until GOV-FCH-0000000621."  This included all electronic records obtained from the search of the defendant's personal email account and all electronic records obtained from a physical search of the defendant's business, except the two above.  On February 4 and 5, 2019, defendant's counsel revised the release to exclude emails with hoganlovells.com, riveromestre.com, gibsondunn.com, or bilzin.com domains in the "to," "from," "cc", or "bcc" fields that have not previously been released.  On February 5, 2019, defendant's counsel further revised the release to exclude emails

2

to or from the defendant's spouse where no third parties were included.

5.       The parties agree that, after the filing of this joint status report, the filter team will release the defendant's remaining electronic documents, except those described above in paragraph four, to the prosecution team.  Counsel for the defendant further represents that the defendant understands that, through this release, the prosecution team will have access to communications between the defendant and individuals with whom an attorney-client privileged relationship and/or joint defense agreement has been claimed.  Counsel for the defendant acknowledges that the filter teams' efforts regarding protecting privileged materials has been in good faith.  Finally, counsel for the defendant further acknowledges that the prosecution team may assume that all such communications are not privileged; however, defendant reserves the right to object to the admissibility of any such communication based on "inadvertent disclosure."

6.       Additionally, counsel for the defendant is still reviewing the hard copy records from the physical search of the defendant's business.  Counsel for the defendant represents that a privilege log with privilege assertions will be produced to the filter team with respect to these documents two weeks before whatever pretrial motions deadline is set by the Court at the February 6, 2019 status conference.

Respectfully submitted,

| FOR THE GOVERNMENT | FOR THE DEFENDANT |
|---|---|
| ROBERT A. ZINK<br>Acting Chief, Fraud Section<br>Criminal Division<br>United States Department of Justice | BLACK, SREBNICK, KORNSPAN &<br>STUMPF, P.A.<br>201 South Biscayne Boulevard, Suite 1300<br>Miami, Florida 33131<br>Tel. (305) 371-6421 |
| /s/ Nicola J. Mrazek<br>Senior Litigation Counsel<br>FRAUD SECTION, CRIMINAL DIVISION<br>U.S. DEPARTMENT OF JUSTICE<br>1400 New York Ave., NW<br>Washington, DC 20005<br>(202) 514-8122<br>(202) 262-7076 (cell)<br>Fax: (202) 616-3511<br>Email: Nicola.Mrazek@usdoj.gov | Fax (305) 358-2006<br>E-mail: HSrebnick@royblack.com<br><br>/s/ Howard Srebnick<br>HOWARD SREBNICK, ESQ.<br>Fla. Bar No. 0919063<br>ROSSANA ARTEAGA-GOMEZ, ESQ.<br>Fla. Bar No. 0014932 |

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court and defense counsel using CM/ECF on February 5, 2019.

By: /s/ Nicola J. Mrazek
Nicola J. Mrazek
Senior Litigation Counsel
U.S. Department of Justice